**FILED**
AUG 2 6 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Dawn Norman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. **11 1538** |
| | ) | |
| United States *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter is before the Court on its review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a resident of Richmond, Virginia, suing the United States and its agencies for $175 million in damages. A claim for monetary damages against the United States is cognizable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* Such a claim is maintainable, however, only after the plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). The plaintiff has not indicated that she exhausted her administrative remedies under the FTCA. Therefore, the complaint will be dismissed. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per

curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). A separate Order accompanies this Memorandum Opinion.

Date: August /6/, 2011

_____
United States District Judge